Daniel Gr. Albert, J.
In this replevin action plaintiff claims that on June 29, 1970 it purchased a Sheriff’s hill of sale for the contents of a drug store located in a shopping center at 750 Old Country Boad, Plainview, New York. The bill of sale was made out to ‘ ‘ Bobert Levy, d/b/a Hawthorne Distributors, 238 Bockaway Avenue, Valley Stream, New York.” Since the sole testimony in regard to the status of the purchaser indicated that Levy, the principal officer and major shareholder of Hawthorne, was acting on behalf of the corporate plaintiff, Hawthorne Distributors, Inc. is the real party in interest, and defendant’s motion to dismiss on the ground that plaintiff is not the real party in interest must be denied. Moreover, since *35 defendant brought in Levy personally on its third-party claim, any and all necessary parties are .represented before the court.
Levy testified that within two or three days of the sale, when he or his representative returned to the store to pick up the merchandise, the premises were closed and locked and the key which the Sheriff had given him at the sale would not open the lock to the store. Levy stated that he intended to remove the merchandise from the store forthwith, but was refused access to the premises by the defendant landlord, allegedly because the Sheriff’s sale had been “ in error.” The defendant apparently claimed to have a lien against the property in question and objected to the removal of the merchandise by plaintiff.
Defendant sent plaintiff a letter by registered mail, return receipt requested, on June 30, 1970, the day after the sale, indicating that it would charge plaintiff $200 per week for storage of the aforesaid merchandise on its premises. Such letter also claimed that the merchandise was not owned by the judgment debtor and had been improperly sold to plaintiff by the Sheriff. (Defendant’s claim against the Sheriff has been discontinued, and the issue of ownership by the judgment debtor has been resolved in plaintiff’s favor by a prior order of this court.) Plaintiff admitted having received notice of this registered letter but did not pick it up from the post office. It was returned to defendant as unclaimed.
An almost duplicate letter was sent by defendant to plaintiff on or about July 17,1970, and plaintiff admitted having received this second missive. Further notices from defendant were dated October 8 and October 12, 1970, and this replevin action was commenced by an order of seizure dated October 16, 1970. The Sheriff took possession of the chattels on October 20, 1970 and caused their removal to plaintiff’s warehouse on October 21 and 22.
After his initial conversations with the defendant at the time of the Sheriff’s sale, or within a few days thereof, plaintiff claims that he never again communicated with Hochman, defendant’s principal, until the time of the replevin, and he testified that he never spoke with anyone about rent for storage of the equipment.
Plaintiff’s attorney testified, however, that he contacted defendant near the end of August, 1970, and discussed the desire of plaintiff to obtain a lease on the premises for a third party who was interested in purchasing the merchandise and operating the store. It was his testimony that when he advised Hochman that Levy knew a pharmacist who was interested *36 in buying the merchandise and becoming a tenant of the defendant, Hochman indicated that he would not permit the merchandise to be removed because he had a lien for rent against the property. Plaintiff’s attorney called defendant again in early October and informed him that the deal with the prospective purchaser-lessee had fallen through and that plaintiff wanted the merchandise. When defendant again refused to release the merchandise, this replevin action was started.
Defendant’s claim that a third party has a right to the merchandise superior to that of the plaintiff has been disposed of by Mr. Justice Debouniaw \s order of August 6, 1971, pursuant to which defendant’s first, second and third affirmative defenses were dismissed, and defendant does not claim that it, not the plaintiff, was entitled to possession of the chattels. The purpose of a replevin action pursuant to CPLE 7101 is to determine whether the plaintiff or the defendant has a superior possessory right, and that must be resolved in .plaintiff’s favor. No defect, constitutional or otherwise, has been demonstrated in the manner in which this action was commenced, by order of seizure in accordance with CPLE 7102, and any such claims are disregarded by the court as unfounded. What is more, defendant’s standing to challenge the procedure followed herein is questionable since it asserts no possessory right to the chattels seized. (See, generally, McKinney’s Cons. Laws of N. Y., Practice Commentary to CPLE 7102; see, also, Laprease v. Raymours Furniture Co., 315 F. Supp. 716.)
Accordingly, only secondary or tangential issues are presented herein for determination, i.e., the amount of damages, if any, suffered by the plaintiff due to defendant’s refusal to release the merchandise, and the damages, if any, suffered by defendant as a result of plaintiff’s removal of the equipment, after passage of almost four months, from defendant’s shopping center.
Plaintiff’s only provable and recoverable items of damage are two payments of $200 each for the replevin bond necessitated by defendant’s wrongful retention of the merchandise in question and a bill of $26.25 from a locksmith company incurred by the plaintiff in forcibly entering the premises on October 20, 1970 to remove the merchandise, possession of which it was clearly entitled to. The other items of damage alleged in the complaint are either unproven or unrecoverable, such as plaintiff’s lost profits, in regard to which no proof was offered; its moving, storing and handling charges, which would have been incurred in any event; and its attorney’s fees, generally unrecoverable. Since plaintiff was clearly entitled to possession, it is awarded damages resulting from defendant’s wrongful reten *37 tion of the merchandise as aforesaid in the amount of $426.25. (See CPLR 7108; 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 7108.07, 7108.08.)
Defendant, on the other hand, claims that plaintiff damaged its premises in seizing the merchandise between October 20 and October 22, by removing paneling permanently affixed to the walls of the store, by ripping fixtures and ceiling attachments from the walls and ceiling, and by generally reducing the interior condition of the store to a shambles. Photographs submitted by defendant adequately corroborated this testimony, and defendant offered proof that it was caused reasonably to expend $700 to repair this damage to its premises. While plaintiff was entitled to possession, it clearly was not authorized to wreak havoc on the building while removing the chattels in question. Defendant is entitled to recover from plaintiff the sum of $700 which it reasonably expended to repair the damage to its premises wrongfully caused by plaintiff.
The converse is true, however, in regard to defendant’s claim for a $3,200 rental fee based upon its storage of plaintiff’s goods for almost four months. There was no testimony that plaintiff had ever agreed to such a storage and rental arrangement. On the contrary, it appears that from the outset the defendant refused to allow plaintiff to remove the merchandise because of some ephemeral lien it allegedly had thereon, and at the same time defendant demanded $200 per week rent for storing the equipment. Such positions are mutually inconsistent. It forcibly retained the merchandise and then attempted to charge plaintiff rent for storing it on defendant’s premises. If defendant had been willing to allow plaintiff to remove the goods at any time and plaintiff failed timely to do so, then defendant’s claim for the fair and reasonable value of its storing the equipment might have been tenable, but it never took that position. The credible testimony established that at the time of the Sheriff’s sale in June the defendant claimed to have a lien against the goods and thwarted plaintiff’s attempt to remove them to its warehouse. Having thus unlawfully retained the chattels, defendant thereafter claimed a lion against these goods because of plaintiff’s failure to pay storage rent. Under such circumstances, no good faith claim for storage value has been established.
Plaintiff is entitled to possession of the merchandise replevied and is awarded damages in the amount of $426.25. Defendant is awarded damages on its counterclaim against the plaintiff in the amount of $700. In all other respects the relief requested by the parties is denied.